## KING v. PETTERSON.

(District Court, E. D. New York. June 21, 1926.)

No. 7650.

**1. Shipping ⬡⟾58(2)—Owner held entitled to interlocutory decree against charterer in libel for damages to vessel.**

Showing that charterer, on receiving vessel, towed it to another place, loaded it with cargo, but returned it, with hole two feet in diameter in its bottom, coupled with charterer's admission of some damage, *held* sufficient to entitle owner to interlocutory decree in libel for damages.

**2. Shipping ⬡⟾42.**

Warranty of seaworthiness is implied in oral charter of vessel.

**3. Shipping ⬡⟾58(2).**

In libel of charterer for damages to vessel, burden of proving negligence is on libelant.

**4. Shipping ⬡⟾58(2).**

Proof of failure of charterer to return boat in same condition in which she was received, as agreed, makes out prima facie case of negligence, in libel for damages.

In Admiralty. Libel by Bertell W. King against N. N. Petterson for damages to boat. On motion to dismiss. Motion denied, and decree for libelant.

Bigham, Englar & Jones, of New York City, for libelant.

William F. Purdy, of New York City, for respondent.

CAMPBELL, District Judge. Libelant and respondent agreed, over the telephone, on September 19, 1924, that respondent would take deck lighter Transportation, with mast and boom, owned by the libelant, then at Jersey City dry docks, to Tarrytown, and use her at his first opportunity. Her time was to start when respondent took her in to load, and they were then to agree on a reasonable charter rate. She was taken on a bareboat basis, and respondent was to return her to libelant in the same condition as when received, except usual wear and tear.

Respondent took the deck lighter Transportation. On September 30, 1924, the respondent called the libelant on the telephone and told him that the boat was on the rocks at Tarrytown, and that on September 27, 1924, the Transportation had been loaded with cargo. The libelant went to Tarrytown and found the boat on the shore. A large boulder had gone through the bottom of the boat, making a hole of about two feet in diameter, and breaking everything in the neighborhood, and another rock had broken the timbers at the bow near the rake.

The libelant did not offer any evidence as to the condition of the Transportation when taken by the respondent. The answer admitted that the boat had received some damage while in possession of the respondent, but denied the allegations as to charter and pleaded, by way of defense, that the boat was unseaworthy. No evidence was offered by the respondent.

At the close of the libelant's case the respondent moved to dismiss, on the ground that the libelant had failed to prove any cause of action. Respondent contends that libelant was bound to show that the Transportation was seaworthy when taken by libelant and that the respondent was guilty of negligence.

[1] That it will be extremely difficult to determine the amount of damage suffered by the Transportation, unless libelant can show her condition at the time she was taken by respondent, cannot be denied; but I think that this court can take judicial notice of the fact that she could not have been towed from the Jersey City dry docks to Tarrytown with a hole two feet in diameter in her bottom, except she was towed deck-to, and that no cargo could have been loaded on her in that condition, and that, coupled with the admission in respondent's answer of some damage, would be sufficient to entitle the libelant to an interlocutory decree, so far as that point is concerned.

[2] Libelant made no express warranty of seaworthiness, but, of course, there was an implied warranty of seaworthiness in the oral charter, and, if it was shown that the boat was not seaworthy, libelant could not recover. But libelant has shown that he delivered to respondent the boat which he agreed to deliver, at the place specified, and no authority has been submitted by respondent which holds that libelant must prove, as a part of his case, the seaworthiness of the boat which he impliedly warranted.

If respondent contends that there was a breach of warranty because the boat was unseaworthy, it seems to me that such contention should have been raised by way of defense. No evidence of unseaworthiness was offered.

[3, 4] The burden of proving negligence rests on the libelant, but the failure on the part of the respondent to return the boat in the same condition in which she was received, as agreed, makes out a prima facie case of negligence; and, while the difficulty which libelant will meet in proving his damages is not overlooked, it seems to me that the proof that libelant delivered a boat which respond-

ent was able to tow to Tarrytown, and that respondent returned that boat on the beach at Tarrytown, with a hole in her bottom of two feet in diameter, which could not have resulted from usual wear and tear, and that with such a hole it would have been impossible to load the boat with cargo, as it was shown respondent reported to libelant that the boat had been loaded, together with the admission in the answer that the boat had received some damage, makes out a prima facie case against the respondent.

The motion to dismiss the libel is denied, and a decree may be entered in favor of the libelant against the respondent, with costs and the usual order of reference.